IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:07-CR-62-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MITCHELL SWAIN, | ) | |
| | ) | |
| Defendant. | ) | |

On October 17, 2007, Mitchell Swain ("defendant") was charged in a two-count indictment. According to count one, beginning in or about March 2004, and continuing up to and including June 27, 2007, defendant knowingly, intentionally, and unlawfully combined, conspired, confederated, and agreed with other persons to distribute and possess with the intent to distribute more than fifty grams of cocaine base (crack) and a quantity of cocaine, both Schedule II controlled substances, in violation of 21 U.S.C. § 846. Count two charged defendant with knowingly and intentionally possessing with intent to distribute more than fifty grams of cocaine base (crack) and a quantity of cocaine, both Schedule II controlled substances, in violation of 21 U.S.C. § 841(a)(1).

This case is set for arraignment and trial at the term of criminal court commencing on May 5, 2008. Defendant has filed several pretrial motions, and the government has responded. The court addresses defendant's motions seriatim.

I.

Defendant moves for an order requiring the government to disclose its intention to introduce any evidence at trial pursuant to Fed. R. Evid. 404(b). Def.'s Mot. to Exclude Prior Bad Acts & Mot. for Disclosure of 404(b) Evid. 2. Defendant also requests the court to order the government to disclose the Rule 404(b) evidence it intends to introduce at trial, or alternatively, to state to the court in writing that no 404(b) evidence exists which has not been provided to defendant. Id. at 2–4.

Additionally, defendant moves to suppress all information of defendant's prior criminal conduct or other wrongs. Id. at 3. In response, the government states that it "is now in the process of reviewing potential Rule 404(b) evidence" and will disclose the nature of any known evidence it intends to present at trial under Rule 404(b) within a reasonable time, but in any event, no later than forty-eight hours before the trial begins. Gov't Omnibus Resp. to Pre-Trial Disc. Mots. 2 [hereinafter Gov't Resp.].

Under Rule 404(b), upon request by the defendant, the government must "provide reasonable notice in advance of trial . . . of the general nature of any [Rule 404(b)] evidence it intends to introduce at trial." Fed. R. Evid. 404(b). Given the nature of the offense charged, providing notice two days before trial would not be reasonable; however, the Friday before the scheduled trial would be reasonable. Cf. United States v. Graham, 468 F. Supp. 2d 800, 802 (E.D.N.C. 2006). This portion of defendant's motion is granted in part, and the government is ordered to notify defendant, at least by the Friday before trial, of the general nature of any Rule 404(b) evidence it intends to introduce at trial. This order does not require the government to disclose the Rule 404(b) evidence itself. See id. The court will consider the admissibility of any such evidence during trial, when, and if, the government seeks to introduce it. See Fed. R. Evid. 404(b); see also United States v. Cooper, 482 F.3d 658, 662–63 (4th Cir. 2007); United States v. Kennedy, 32 F.3d 876, 885–86 (4th Cir. 1994). Accordingly, this portion of defendant's motion is denied.

II.

Pursuant to Fed. R. Evid. 615, defendant seeks an order requiring the sequestration of all government witnesses. Def.'s Mot. to Exclude Witnesses. The government does not oppose the motion, but requests that the sequestration order also apply to defense witnesses. See Gov't Resp. 3. Defendant's motion to sequester under Rule 615 is granted. All trial witnesses, not simply those

2

called by the government, shall be "excluded so that they cannot hear the testimony of other witnesses." Fed. R. Evid. 615. Each witness is prohibited from discussing previous trial testimony with any other witness who has yet to testify at trial. Cf. United States v. Rhynes, 218 F.3d 310, 317–21 (4th Cir. 2000) (en banc). Additionally, defendant (of course) may be present throughout trial even if he is expected to testify. See Fed. R. Evid. 615(1). Likewise, the government may have a "representative" present even if such representative is expected to testify. See Fed. R. Evid. 615(2).

III.

Pursuant to the Jencks Act, 18 U.S.C. § 3500, and Fed. R. Evid. 801(d)(2)(E), defendant filed a motion for production of "all statements of non-testifying and/or unindicted co-conspirators, indicted or unindicted." Def.'s Mot. for Produc. of Statements of Co-Conspirators 1. In support, defendant cites United States v. Jackson, 757 F.2d 1486, 1491 (4th Cir. 1985), for the proposition that a defendant is entitled to disclosure of a co-conspirator's statements if the co-conspirator is not a prospective government witness. See Def.'s Mot. for Produc. of Statements of Co-Conspirators 1–2.

Statements made by co-conspirators who will testify are governed by the Jencks Act. See United States v. Roberts, 811 F.2d 257, 258–59 (4th Cir. 1987) (en banc) (per curiam). The Jencks Act provides in relevant part:

> After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

18 U.S.C. § 3500(b). The government is not required to produce Jencks Act material relating to a

3

government witness or prospective government witness until after the witness has testified on direct examination at trial. 18 U.S.C. § 3500(a); United States v. Lewis, 35 F.3d 148, 151 (4th Cir. 1994). Nonetheless, the government does not object to providing Jencks materials to defendant before commencement of trial, and requests that defendant likewise disclose defense witnesses' statements at least forty-eight hours before trial. Gov't Resp. 3. In any event, to the extent defendant's motion extends to testifying co-conspirators, see Def.'s Mot. for Produc. of Statements of Co-Conspirators 3, defendant's request for statements of possible government trial witnesses is denied.

As for the statements of non-testifying co-conspirators (indicted or unindicted), the court notes that the holding in Jackson on which defendant relies has been abrogated. In Roberts, the Fourth Circuit vacated an earlier decision which relied upon the same reasoning in Jackson. See Roberts, 811 F.2d at 258. Jackson held that because Rule 801(d)(2)(E) permits the government to introduce statements of a co-conspirator against the defendant as if they were his own, the defendant was entitled to disclosure of a co-conspirator's statements if the co-conspirator was not a prospective government witness and disclosure did not unnecessarily reveal sensitive information. Jackson, 757 F.2d at 1491. Upon reconsideration of the government's disclosure requirement of a non-testifying co-conspirator's statements, the Roberts court adopted the concurring opinion in Jackson, which holds that a defendant may not demand pre-trial discovery of a co-conspirator's statements when the government does not intend to call the co-conspirator to testify. Roberts, 811 F.2d at 259; Jackson, 757 F.2d at 1492–94 (Wilkinson, J., concurring). The court rationalized that disclosure of a co-conspirator's statements may expose not only the declarant to threats and intimidation, but also those expected to testify at trial concerning the declarant's statements. Roberts, 811 F.2d at 259. Accordingly, defendant's motion for an order compelling production of (testifying and non-testifying) co-conspirators' statements is denied.

4

Case 4:07-cr-00062-D   Document 38   Filed 03/17/08   Page 4 of 12

IV.

Defendant requests an order to compel the disclosure of the identity and whereabouts of the government's witnesses, confidential informant ("CI"), and agents, or in the alternative, an order to permit defendant to interview the government's witnesses, CI, and agents. Def.'s Mot. to Compel Disclosure of Identity & Whereabouts of Gov't Witnesses. Defendant contends that the failure to know his accusers before trial creates an unfair burden in defending the charges brought against him. Id. ¶ 5. The government states that it will immediately disclose the names of the law enforcement agents involved in the matter, but that it opposes defendant's request for the identities of the CI and other possible lay witnesses. Gov't Resp. 4. The government states, however, that it will provide the names of the CI and lay witnesses no later than forty-eight hours before trial. Id.

Absent a special showing of need, the government in a criminal case has no duty to provide the names or whereabouts of its witnesses. See United States v. Anderson, 481 F.2d 685, 693 (4th Cir. 1973), aff'd, 417 U.S. 211 (1974). "[T]o obtain a government witness list, a defendant must make a specific or 'particularized' showing that such disclosure is both material to the preparation of his defense and reasonable in light of the circumstances." United States v. Stroop, 121 F.R.D. 269, 275 (E.D.N.C. 1988). Defendant's conclusory statement that he will be burdened at trial does not amount to a particularized showing that disclosure is both material to the preparation of his defense and reasonable under the circumstances. Moreover, defendant will obtain access to the government's witness list before jury selection begins under Local Crim. Rule 24.1(b), EDNC, which requires that all parties file their respective witness lists by that time.[1] The request for disclosure of the government's witness list is denied.

---

[1] Given the government's plan to voluntarily produce its witness list no later than forty-eight hours before trial, defendant will receive this material in time to prepare.

5

Case 4:07-cr-00062-D   Document 38   Filed 03/17/08   Page 5 of 12

As to defendant's request for the disclosure of the CI's identity, this court applies a balancing test:

> We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

Roviaro v. United States, 353 U.S. 53, 62 (1957); see United States v. Blevins, 960 F.2d 1252, 1258 (4th Cir. 1992). The court must analyze the CI's role in the investigation in order to decide whether to require disclosure. Where the CI acted as a "mere tipster," the government need not disclose the informant's identity; however, where the CI actively participated in the crime, disclosure may be required. See United States v. Price, 783 F.2d 1132, 1138–39 (4th Cir. 1986); McLawhorn v. North Carolina, 484 F.2d 1, 4–5 (4th Cir. 1973). Between these two ends of the spectrum lies the situation where the CI was more than a tipster, but not an integral participant in the criminal activity. See, e.g., United States v. Brinkman, 739 F.2d 977, 981 (4th Cir. 1984) (CI acted as a middleman by introducing law enforcement agent to defendant and engaging in follow-up conversations with defendant). In such circumstances, the court may compel disclosure if the defendant's need to know the identity of the CI outweighs the government's interest in maintaining the anonymity of its source. See id.

The government states that it will voluntarily disclose the CI's identity forty-eight hours before trial. See Gov't Resp. 4. The burden is on defendant to establish that the Roviaro criteria in this particular case counsel in favor of disclosure before the government's intended release. See Rugendorf v. United States, 376 U.S. 528, 534–35 (1964); Blevins, 960 F.2d at 1258–59. Defendant must "come forward with something more than speculation as to the usefulness of such disclosure."

United States v. Smith, 780 F.2d 1102, 1108 (4th Cir. 1985) (en banc). The trial court has discretion to require the disclosure of a CI's identity. See, e.g., id.

Defendant states that government discovery materials indicate that "the [d]efendant had been identified by a cooperating witness and that the [d]efendant had contacted the cooperating witness in an attempt to purchase cocaine." Def.'s Mot. to Compel Disclosure of Identity & Whereabouts of Gov't Witnesses ¶ 2. Defendant presents no evidence as to the specific role of the CI in the conduct charged in the indictment. See generally id. In considering the remaining Roviaro criteria, defendant filed notice of his intent to offer a defense of entrapment. Given that the indictment charges defendant with conspiracy and that defendant has stated elsewhere that he does not know the identity of his alleged co-conspirator, see Def.'s Mot. for Produc. of Statements of Co-Conspirators 2, the CI's identity may be significant to defendant's case.

However, defendant's premise for his motion to compel — that he does not know the identity of the CI — appears questionable. In his memorandum in support of his motion to suppress certain evidence,[2] defendant recites the following facts:

> On or about June 26, 2007, Detective Gilliam of the Bertie County Sheriff's Office allegedly received some form of notice from an unnamed "cooperating witness" that the Defendant had called the "cooperating witness" and requested to purchase 9.5 ounces of cocaine for Seven Thousand and no/100 ($7,000.00) Dollars. Detective Gilliam requested and received permission from the Sheriff's office to set up a reversal. Detective Gilliam provided 9 ounces of pretested crack cocaine and ½ ounce of "pretested powder cocaine" to the cooperating witness. The cooperating witness allegedly waited for the Defendant whereupon notice was given that the transaction had occurred. The Defendant was arrested following such event.

Def.'s Mot. to Suppress & Accompanying Mem. in Supp. 1–2. Because defendant contacted the

---

[2]On February 8, 2008, defendant filed a motion to suppress certain evidence obtained in the search of his residence. On February 9, 2008, defendant filed a motion to suppress statements made by the defendant following his arrest and while in custody. The court will address those motions in a separate order.

7

CI and because defendant was arrested immediately after the drug transaction, it appears that defendant knows the identity of the CI. Defendant cannot selectively recount or ignore evidence depending on his current motion to the court. To the extent defendant still contends he does not know the CI's identity or his whereabouts, defendant will know the CI's identity before the trial begins. Defendant's conclusory statement that he will be burdened at trial amounts to mere speculation as to the usefulness of disclosure of the CI's identity and whereabouts, or the ability to interview the CI. See, e.g., Smith, 780 F.2d at 1108. In sum, defendant fails to meet his burden to require the disclosure and whereabouts of the government's CI at this time.

Additionally, assuming that defendant does not know the CI's identity and whereabouts, the court is persuaded that the public interest favors maintaining the anonymity of the CI and his whereabouts. According to the government's response, the CI is currently assisting law enforcement officers with narcotics investigations, which would be crippled by revealing the informant's identity and whereabouts, and this interest outweighs the need for defendant to learn the identity and whereabouts of the CI. See United States v. Mabry, 953 F.2d 127, 131–32 (4th Cir. 1991); Brinkman, 739 F.2d at 981. In making this finding, the court focuses not on the semantics of whether the CI acted as a "tipster" or a "participant," but rather on the particular circumstances of this case and the government's response. See Mabry, 953 F.2d at 131; Brinkman, 739 F.2d at 981. Defendant's motion to compel disclosure of the CI's identity and whereabouts is denied.

V.

Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), defendant seeks an order that the government produce at least thirty days before trial, or at least seven days before any hearing on defendant's motions to suppress, the following materials: plea agreements, promises of leniency, potentially exculpatory materials toward defendant, law

8

enforcement reports relating to the charged conduct or the violation that caused law enforcement officials to have contact with defendant, witness statements that are potentially exculpatory toward defendant, police and law enforcement records, and criminal records of government witnesses. See Def.'s Mot. for Early Prod. of Brady/Giglio & Jencks Material 1–2. In response, the government acknowledges its obligation under Brady and its progeny, and states that it will provide "[c]opies of criminal histories, plea agreements, promises of consideration or inconsistent statements, if any, for testifying witnesses, and any other impeaching materials" to defendant in time for effective use at trial. Gov't Resp. 5–6.

The court credits the government's assertion and interprets it to mean that the government has adopted a policy of prompt disclosure of qualifying evidence under Brady and its progeny. See id. The court notes that to the extent defendant requests witness statements that relate to the subject matter of witness testimony at trial, these materials fall under the Jencks Act. As discussed, "[t]he district court may not require the government to produce Jencks Act material relating to one of its witnesses until after the witness has testified." Lewis, 35 F.3d at 151 (emphasis removed). Nonetheless, the government has stated that it will provide Jencks material to defendant before trial. See Gov't Resp. 3. In light of the government's response that it will produce favorable evidence to defendant as required by law, defendant's motion for early production is denied.

VI.

Defendant requests an order compelling the government to unseal and release a copy of the Presentence Investigation Reports ("PSR") of all government witnesses, or in the alternative, that the court conduct an in camera review of each PSR and order the disclosure of relevant information. See Def.'s Mot. to Release Presentence Reports. Defendant contends that possible exculpatory or impeachment evidence contained in the PSRs is needed to effectively cross-examine witnesses. See

9

id. at 3–4. The government opposes the motion and states that defendant provides no evidence that the information contained in the PSRs is either "material" or "favorable" to his defense. Gov't Resp. 7–8.

Under Brady and its progeny, due process requires that the government disclose to the accused any favorable evidence in its possession that is material to guilt or punishment, including evidence adversely affecting the credibility of the government's witnesses. See United States v. Bagley, 473 U.S. 667, 676 (1985); Giglio, 405 U.S. at 154–55; Brady, 373 U.S. at 87; United States v. Trevino, 89 F.3d 187, 189 (4th Cir. 1996). However, "a district court is under no duty to conduct an in camera examination of a requested PSR unless the accused has first clearly specified the information contained in the report that he expects will reveal exculpatory or impeachment evidence." Trevino, 89 F.3d at 192. A defendant "must plainly articulate how the information contained in the PSR will be both material and favorable to his defense." Id. at 192–93. In evaluating the defendant's showing, the court may consider, "among other things, whether the material may be available from other sources and, if impeachment material, whether the witness will effectively be impeached otherwise." Id. at 193 n.6. The court will not permit a defendant to view PSRs merely to "engage in groundless fishing expeditions." Id. at 192 (quotation omitted).

Defendant contends that the relevant conduct disclosed in a PSR will help the defense portray the extent to which a witness' plea agreement created an incentive for the witness to cooperate with the government. Def.'s Mot. to Release Presentence Reports 3. Trevino forbids this type of "fishing expedition" based on a defendant's broad assertion that the PSR contains evidence of a witness' potential bias in favor of the government. See Trevino, 89 F.3d at 192. To the extent defendant wishes to explore the effect of a plea agreement on a witness' advisory guideline sentencing range, defendant can obtain the witness' criminal history through a request for

10

Case 4:07-cr-00062-D   Document 38   Filed 03/17/08   Page 10 of 12

Giglio materials. See Graham, 468 F. Supp. 2d at 804–05; Stroop, 121 F.R.D. at 274 ("defendants shall be provided the complete prior criminal record of the witness as well as information regarding all prior material acts of misconduct of the witness").

Similarly, defendant contends that inconsistencies in a witness' financial information, as provided to probation services, may provide impeachment evidence and indicate a witness' motive for falsifying testimony. Def.'s Mot. 3. This broad assumption is not substantiated by any actual evidence. Defendant must "clearly specif[y] the information contained in the report that he expects will reveal exculpatory or impeachment evidence." Trevino, 89 F.3d at 192. Here, defendant merely speculates as to the existence of inconsistencies in financial reporting. Such speculation is insufficient to warrant an in camera review or disclosure of PSRs. The same reasoning applies to defendant's contention that it is reasonably likely that witnesses against defendant have substance abuse problems or mental health issues, which, if reported in the PSR, would constitute impeachment evidence. Def.'s Mot. 3. Again, defendant fails to substantiate this broad assumption with any actual evidence. Defendant merely speculates that witnesses may have substance abuse problems or mental health issues, and such speculation is insufficient to warrant an in camera review or disclosure of PSRs.

Defendant fails to show that the contents of these confidential reports are either material or favorable to his defense. Much of the material sought by defendant is available from other sources, and the government is aware of its continuing duty to provide defendant with exculpatory and impeachment material. See Gov't Resp. 8. Defendant's motion for the release of government witnesses' PSRs is denied.

VII.

For the reasons stated above, defendant's motion to exclude prior bad acts [D.E. 24] is DENIED; his motion for disclosure of Rule 404(b) evidence [D.E. 24] is GRANTED in part and DENIED in part; his motion to exclude witnesses [D.E. 25] is GRANTED; his motion for production of statements of co-conspirators [D.E. 26] is DENIED; his motion to compel disclosure of identity and whereabouts of government witnesses [D.E. 27] is DENIED; his motion for early production of Brady/Giglio and Jencks material [D.E. 28] is DENIED; and his motion to release presentence reports of government witnesses to defendant [D.E. 29] is DENIED.

SO ORDERED. This 17 day of March 2008.

JAMES C. DEVER III
United States District Judge