IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:07-CR-62-D

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MITCHELL SWAIN, | ) | |
| | ) | |
| Defendant. | ) | |

On May 5, 2008, pursuant to a written plea agreement, Mitchell Swain ("Swain") pleaded guilty to conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base (crack) and a quantity of cocaine. See [D.E. 44, 45, 82]. On February 26, 2009, the court held Swain's sentencing hearing. See [D.E. 74, 78, 83]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") and ruled on Swain's objections to the PSR. See Fed. R. Crim. P. 32(i)(3)(A)-(B); Sentencing Tr. [D.E. 83] 5–127. The court calculated Swain's total offense level to be 39, his criminal history category to be III, and his advisory guideline range to be 324 to 405 months' imprisonment. See Sentencing Tr. at 127. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Swain to 324 months' imprisonment. See id. at 136–42. Swain appealed. On February 25, 2010, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Swain, 367 F. App'x 417, 417–18 (4th Cir. 2010) (per curiam) (unpublished).

On December 7, 2015, Swain moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 117]. Swain's new advisory guideline range is 262 to 327 months' imprisonment, based on a total offense level of 37 and a criminal history category of III. See Resentencing Report. Swain requests a 262-month sentence. See id.; [D.E. 117].

The court has discretion under Amendment 782 to reduce Swain's sentence. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1963–68 (2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Swain's sentence, the court finds that Swain engaged in serious criminal behavior involving a large quantity of illegal narcotics. See PSR ¶¶ 7–11; Sentencing Tr. at 5–127. Moreover, Swain is a violent recidivist and has convictions for larceny (two counts), injury to personal property (three counts), simple assault, resist or obstruct a public officer, resisting a public officer (two counts), possession with intent to sell and deliver of cocaine, maintaining a vehicle, dwelling, or place for controlled substance, and possession of a controlled substance on prison or jail premises. See PSR ¶¶ 14–24. Moreover, Swain has performed poorly on supervision and has a spotty work history. See id. ¶¶ 14–18, 39–42. Nonetheless, Swain has taken some positive steps while incarcerated on his federal sentence, but has been sanctioned for failing to follow safety regulations. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Swain received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Swain's sentence would threaten public safety in light of his serious criminal conduct, serious criminal history, and misconduct while incarcerated. Cf. U.S.S.G. §

2

1B1.10, cmt. n.1(B)(ii). Thus, the court denies Swain's motion for reduction of sentence under Amendment 782. See, e.g., Chavez-Meza, 138 S. Ct. at 1963–68; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Swain's motion for reduction of sentence [D.E. 117].

SO ORDERED. This 10 day of July 2018.

JAMES C. DEVER III
Chief United States District Judge