IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:07-CR-62-D

UNITED STATES OF AMERICA )
)
)
v. ) ORDER
)
MITCHELL SWAIN, )
)
Defendant. )

On May 16, 2019, Mitchell Swain ("Swain") moved pro se for relief under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 [D.E. 128]. On December 4, 2020, Swain moved through counsel for relief under the First Step Act [D.E. 136]. On December 18, 2020, the government responded in opposition [D.E. 138]. On December 29, 2020, Swain replied [D.E. 139]. On January 4, 2021, Swain requested home confinement under the Coronavirus, Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 286, 516 (2020) [D.E. 142]. As explained below, the court denies Swain's motions for reduction of sentence and dismisses Swain's request for home confinement.

I.

On May 5, 2008, pursuant to a written plea agreement, Swain pleaded guilty to conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base (crack) and a quantity of cocaine. See [D.E. 44, 45, 82]. On February 26, 2009, the court held Swain's sentencing hearing. See [D.E. 74, 78, 83]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") and ruled on Swain's objections to the PSR. See Fed. R. Crim. P. 32(i)(3)(A)–(B); Sent. Tr. [D.E. 83] 5–127. The court calculated Swain's total offense level

to be 39, his criminal history category to be III, and his advisory guideline range to be 324 to 405 months' imprisonment. See Sent. Tr. [D.E. 83] 127. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Swain to 324 months' imprisonment. See id. at 136–42. The court also announced that it would impose the same sentence as an alternative variant sentence if it had miscalculated the advisory guideline range. See id. at 140–41. Swain appealed. On February 25, 2010, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Swain, 367 F. App'x 417, 417–18 (4th Cir. 2010) (per curiam) (unpublished).

On April 29, 2011, Swain moved to vacate and set aside his 324-month sentence under 28 U.S.C. § 2255. See [D.E. 88]. On June 1, 2011, Swain amended his section 2255 motion. See [D.E. 91]. On July 19, 2011, the United States moved to dismiss Swain's section 2255 motion. See [D.E. 94]. On August 26, 2011, Swain responded in opposition. See [D.E. 99]. On May 9, 2013, the court granted the government's motion to dismiss and denied a certificate of appealability. See [D.E. 102]. Swain appealed. On January 23, 2014, the Fourth Circuit dismissed Swain's appeal. See United States v. Swain, 550 F. App'x 172, 173 (4th Cir. 2014) (per curiam) (unpublished).

On December 7, 2015, Swain moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 117]. The court calculated Swain's new advisory guideline range to be 262 to 327 months' imprisonment. See [D.E. 126] 1. Swain requested a 262-month sentence. See id. On July 20, 2018, the court denied Swain's motion. See id. at 2–3.

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2371, 2372 (codified as amended at 21 U.S.C. § 801, et seq.). Section 2 of the Fair Sentencing Act reduced statutory penalties by increasing the drug quantities

2

necessary to trigger certain statutory minimums and maximums. For example, the amount of cocaine base (crack) necessary to trigger a 5 to 40 year sentence increased from 5 to 28 grams. Likewise, the amount of cocaine base (crack) necessary to trigger a 10 year to life sentence increased from 50 grams to 280 grams. See id., § 2, 124 Stat. at 2372.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. The First Step Act makes the Fair Sentencing Act's reductions in mandatory minimum sentences apply retroactively to defendants who committed their "covered offense" of conviction before August 3, 2010. See id. § 404(a), 132 Stat. at 5222. Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. Under the First Step Act, a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Id. § 404(b), 132 Stat. at 5222. A court that modifies a sentence under the First Step Act does so under 18 U.S.C. § 3582(c)(1)(B), which allows a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); see United States v. Woodson, 962 F.3d 812, 815–17 (4th Cir. 2020); United States v. Chambers, 956 F.3d 667, 671 (4th Cir. 2020); United States v. Wirsing, 943 F.3d 175, 183 (4th Cir. 2019); United States v. Alexander, 951 F.3d 706, 708 (6th Cir. 2019). If a defendant qualifies, courts may consider a motion for a reduced sentence only if the defendant did not previously receive a reduction pursuant to the Fair Sentencing Act and did not have a motion under the First Step Act denied "after a complete review of the motion on the merits." First Step Act § 404(c), 132 Stat. at 5222.

3

Under the First Step Act, the district court adjusts the sentencing guideline calculations "as if the current lower drug offense sentences were in effect at the time of the commission of the offense." United States v. Curry, 792 F. App'x 267, 268 (4th Cir. 2020) (per curiam) (unpublished) (quotation omitted); see Chambers, 956 F.3d at 671–72. "Nothing in ... section [404(c) of the First Step Act]," however, "shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c), 132 Stat. at 5222; see, e.g., United States v. Gravatt, 953 F.3d 258, 261 (4th Cir. 2020); Wirsing, 943 F.3d at 184–86; United States v. Barnes, No. 3:94cr80 (DJN), 2020 WL 1281235, at *3 (E.D. Va. Mar. 17, 2020 ) (unpublished); United States v. Latten, No. 1:02CR00011-012, 2019 WL 2550327, at *1–4 (W.D. Va. June 20, 2019) (unpublished).

The court assumes without deciding that Swain's new advisory guideline range is 210 to 262 months' imprisonment based on a total offense level 35 and a criminal history category III. See [D.E. 136] 4; cf. [D.E. 140] 2. The court has discretion to reduce Swain's sentence. See Gravatt, 953 F.3d at 262–64; Wirsing, 943 F.3d at 184–86; Barnes, 2020 WL 1281235, at *3; Latten, 2019 WL 2550327, at *1–4. The court has completely reviewed the entire record, the parties' arguments, the new advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018); Chambers, 956 F.3d at 671–75; United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished). As for Swain's offense conduct, Swain engaged in prolonged drug dealing between March 2004 and June 2007. See Sent. Tr. [D.E. 83] 7–109, 123–27, 136–40; PSR ¶¶ 7–12. Swain conspired with others to distribute a very large amount of cocaine base (crack), as well as some cocaine and marijuana. Swain also possessed a stolen firearm in furtherance of his drug trafficking activities. See PSR ¶ 11. Moreover, on June 27, 2007, when officers attempted to arrest Swain as part of a buy-bust operation, Swain led them on a high-speed chase at about 2:30 p.m. amidst medium traffic during which he drove at

4

speeds over 80 miles per hour, used his vehicle as a weapon, discarded some of the cocaine out the window of his van, collided with a police vehicle, refused to comply with officers' orders, and forced officers to wrestle him from his van and tase him to get him to comply. See Sent. Tr. [D.E. 83] 14–26; PSR ¶ 7. Swain is a violent recidivist with convictions for larceny (two counts), injury to personal property (three counts), simple assault, resist or obstruct a public officer, driving while license revoked, resisting a public officer (two counts), possession with intent to sell and deliver cocaine, maintaining a vehicle, dwelling, or place for controlled substances, and possession of a controlled substance on prison or jail premises. See PSR ¶¶ 14–24. Swain also has performed poorly on supervision and has a spotty work history. See id. ¶¶ 14–18, 39–42. Swain has taken some positive steps while incarcerated on his federal sentence, but has been sanctioned for possessing unauthorized items, failing to follow safety regulations in 2009, using marijuana and suboxone in 2016, and extorting/blackmail/protecting in 2019. See [D.E. 140] 2; [D.E. 136] 6–7; [D.E. 136-3]; cf. Pepper v United States, 562 U.S. 476, 491 (2011); Chambers, 956 F.3d at 671–75. In light of Swain's terrible criminal conduct, serious criminal record, poor performance on supervision, misconduct while incarcerated, the need to promote respect for the law, the need to deter others, and the need to incapacitate Swain, the court declines to reduce Swain's sentence. See, e.g., 18 U.S.C. § 3553(a); Chavez-Mesa, 138 S. Ct. at 1966–68; Chambers, 956 F.3d at 671–75; Barnes, 2020 WL 1281235, at *3; Latten, 2019 WL 2550327, at *1–4. In doing so, the court rejects Swain's argument that his sentence is unfair in light of the sentence that Judge Terrence Boyle imposed on one of his co-conspirators Jerrold Heckstall. Heckstall immediately, extensively, and actively cooperated and received a motion under U.S.S.G. § 5K1.1. Swain did not. They are not similarly situated.

In reaching this decision, the court has considered the entire record, the parties' arguments,

5

and the section 3553(a) factors. However, even if the court miscalculated the new advisory guideline range, it still would not reduce Swain's sentence in light of the entire record and the section 3553(a) factors. See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

As for Swain's request for home confinement, Swain moves under the CARES Act. See [D.E. 142] 1. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). As such, the court dismisses Swain's request for home confinement.

II.

In sum, the court DENIES Swain's motions for reduction of sentence [D.E. 128, 136] and DISMISSES Swain's request for home confinement [D.E. 142].

SO ORDERED. This 28 day of January 2021.

JAMES C. DEVER III<br>
United States District Judge