IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:07-CR-62-D

UNITED STATES OF AMERICA      )
                              )
                              )
                              )
          v.                  )          **ORDER**
                              )
MITCHELL SWAIN,               )
                              )
          Defendant.          )

On March 29, 2021, Mitchell Swain ("Swain" or "defendant") moved pro se for

compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b),

132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582), and for appointment of

counsel [D.E. 152]. As explained below, the court denies Swain's motion.

I.

On May 5, 2008, pursuant to a written plea agreement, Swain pleaded guilty to conspiracy

to distribute and possess with intent to distribute more than 50 grams of cocaine base (crack) and a

quantity of cocaine. See [D.E. 44, 45, 82]. On February 26, 2009, the court held Swain's sentencing

hearing. See [D.E. 74, 78, 83]. At the hearing, the court adopted the facts set forth in the

Presentence Investigation Report ("PSR") and ruled on Swain's objections to the PSR. See Fed. R.

Crim. P. 32(i)(3)(A)–(B); Sent. Tr. [D.E. 83] 5–127. The court calculated Swain's total offense level

to be 39, his criminal history category to be III, and his advisory guideline range to be 324 to 405

months' imprisonment. See Sent. Tr. [D.E. 83] 127. After thoroughly considering all relevant

factors under 18 U.S.C. § 3553(a), the court sentenced Swain to 324 months' imprisonment. See id.

at 136–42. Swain appealed [D.E. 75]. On February 25, 2010, the United States Court of Appeals

for the Fourth Circuit affirmed this court's judgment. See United States v. Swain, 367 F. App'x 417, 417–18 (4th Cir. 2010) (per curiam) (unpublished).

On April 29, 2011, Swain moved to vacate and set aside his 324-month sentence under 28 U.S.C. § 2255. See [D.E. 88]. On June 1, 2011, Swain amended his section 2255 motion. See [D.E. 91]. On July 19, 2011, the United States moved to dismiss Swain's section 2255 motion. See [D.E. 94]. On August 26, 2011, Swain responded in opposition. See [D.E. 99]. On May 9, 2013, the court granted the government's motion to dismiss and denied a certificate of appealability. See [D.E. 102]. Swain appealed. On January 23, 2014, the Fourth Circuit dismissed Swain's appeal. See United States v. Swain, 550 F. App'x 172, 173 (4th Cir. 2014) (per curiam) (unpublished).

On December 7, 2015, Swain moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 117]. The court calculated Swain's new advisory guideline range to be 262 to 327 months' imprisonment. See [D.E. 126] 1. Swain requested a 262-month sentence. See id. On July 20, 2018, the court denied Swain's motion. See id. at 2–3.

On May 16, 2019, Swain moved pro se for relief under section 404 of the First Step Act [D.E. 128]. On December 4, 2020, Swain moved through counsel for relief under section 404 [D.E. 136]. On January 4, 2021, Swain requested home confinement under the Coronavirus, Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 286, 516 (2020) [D.E. 142]. On January 28, 2021, the court denied Swain's motions for reduction of sentence and dismissed Swain's request for home confinement [D.E. 143]. Swain appealed [D.E. 144], and the appeal remains pending. Thus, the court denies Swain's motion for compassionate release. See Fed. R. Crim. P. 37(a); Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (per curiam); United States v. Bunch, 828 F. App'x 185, 185 (4th Cir. 2020) (per curiam) (unpublished);

United States v. Pawlowski, 967 F.3d 327, 329 n.4 (3d Cir. 2020); Doe v. Pub. Citizen, 749 F.3d 246, 258 (4th Cir. 2014).

Alternatively, on December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75%

3

of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another

extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1.   Extraordinary and Compelling Reasons.—Provided the defendant meets the
     requirements of subdivision (2), extraordinary and compelling reasons exist
     under any of the circumstances set forth below:

     (A)  Medical Condition of the Defendant.—

          (i) The defendant is suffering from a terminal illness (i.e., a serious and
          advanced illness with an end of life trajectory). A specific prognosis
          of life expectancy (i.e., a probability of death within a specific time
          period) is not required. Examples include metastatic solid-tumor
          cancer, amyotrophic lateral sclerosis (ALS), end-stage organ
          disease, and advanced dementia.

          (ii) The defendant is—

               (I) suffering from a serious physical or medical condition,

               (II) suffering from a serious functional or cognitive impairment,
               or

               (III) experiencing deteriorating physical or mental health because
               of the aging process,

               that substantially diminishes the ability of the defendant to
               provide self-care within the environment of a correctional facility
               and from which he or she is not expected to recover.

     (B)  Age of the Defendant.—The defendant (i) is at least 65 years old; (ii)
          is experiencing a serious deterioration in physical or mental health
          because of the aging process; and (iii) has served at least 10 years or 75
          percent of his or her term of imprisonment, whichever is less.

     (C)  Family Circumstances.—

          (i) The death or incapacitation of the caregiver of the defendant's minor
          child or minor children.

4

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, No. 20-7350, 2021 WL 1823289, at *3 (4th Cir. May 7, 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir. 2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "[section] 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31. Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 2021 WL

---

> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

1823289, at *3; McCoy, 981 F.3d at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13,

but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981

F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v.

Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08

(6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v.

Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

Swain asserts that in May 2020, he submitted a compassionate release request to the warden,

which the warden denied on June 9, 2020. See [D.E. 152] 2. The government has not invoked

section 3582's exhaustion requirement. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir.

2020).[2] Accordingly, the court addresses Swain's claim on the merits.

Swain seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his

request, Swain cites the COVID-19 pandemic, his age (54), and his hypertension and obesity. See

[D.E. 152] 2–3. Swain also cites his rehabilitation efforts, his release plan, and that he has served

over 50% of his sentence. See id. at 3–4.

As for the medical condition of the defendant policy statement, the policy statement requires

that the defendant is "suffering from a serious physical or medical condition . . . from which he or

she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although Swain states that he

suffers from hypertension and obesity, he has not demonstrated that he is not going to recover from

these conditions or that they cannot be treated while Swain serves his sentence. Accordingly,

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

reducing Swain's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Swain's medical conditions, Swain's rehabilitation efforts, and his release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Swain's sentence. See High, 2021 WL 1823289, at *4–7; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Swain is 54 years old and engaged in serious criminal conduct between March 2004 and June 2007. See Sent. Tr. [D.E. 83] 7–109, 123–27, 136–40; PSR ¶¶ 7–12. Swain conspired with others to distribute a very large amount of cocaine base (crack), as well as some cocaine and marijuana. Swain also possessed a stolen firearm in furtherance of his drug trafficking activities. See PSR ¶ 11. Moreover, on June 27, 2007, when officers attempted to arrest Swain as part of a buy-bust operation, Swain led them on a high-speed chase at about 2:30 p.m. amidst medium traffic during which he drove at speeds over 80 miles per hour, used his vehicle as a weapon, discarded some of the cocaine out the window of his van, collided with a police vehicle, refused to comply with officers' orders, and forced officers to wrestle him from his van and tase him to get him to comply. See id. ¶ 7; Sent. Tr. [D.E. 83] 14–26. Swain is a violent recidivist with convictions for larceny (two counts), injury to personal property (three counts), simple assault, resist or obstruct a public officer, driving while license revoked, resisting a public officer (two counts), possession with intent to sell and deliver

cocaine, maintaining a vehicle, dwelling, or place for controlled substances, and possession of a controlled substance on prison or jail premises. See PSR ¶¶ 14–24. Swain also has performed poorly on supervision and has a spotty work history. See id. ¶¶ 14–18, 39–42. Swain has taken some positive steps while incarcerated on his federal sentence, but has been sanctioned for possessing unauthorized items, failing to follow safety regulations in 2009, using marijuana and suboxone in 2016, and extorting/blackmail/protecting in 2019. See [D.E. 136] 6–7; [D.E. 136-3]; [D.E. 140] 2.

The court has considered Swain's exposure to COVID-19, his medical conditions, his rehabilitation efforts, and his release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 2021 WL 1823289, at *4–7; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Having considered the entire record, the steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Swain's arguments, the government's persuasive response, and the need to punish Swain for his serious criminal behavior, to incapacitate Swain, to promote respect for the law, to deter others, and to protect society, the court declines to grant Swain's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); High, 2021 WL 1823289, at *4–7; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

II.

In sum, the court DENIES Swain's motion for compassionate release and for appointment of counsel [D.E. 152].

SO ORDERED. This _7_ day of June 2021.

James C. Dever

JAMES C. DEVER III
United States District Judge