**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-6167

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

MITCHELL SWAIN,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. James C. Dever III, District Judge. (4:07-cr-00062-D-1)

Argued: March 9, 2022          Decided: September 14, 2022

Before MOTZ, WYNN and THACKER, Circuit Judges.

Vacated and remanded by published opinion. Judge Thacker wrote the opinion, in which Judge Motz and Judge Wynn joined.

**ARGUED:** Eric Joseph Brignac, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Joshua L. Rogers, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** G. Alan DuBois, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. G. Norman Acker, III, Acting United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

THACKER, Circuit Judge:

Mitchell Swain ("Appellant") appeals the district court's denial of his motion for a reduced sentence pursuant to section 404 of the First Step Act of 2018 (the "First Step Act"), which makes retroactive the provisions of the Fair Sentencing Act of 2010 (the "Fair Sentencing Act") that reduced sentencing disparities between cocaine and crack cocaine offenses. Appellant contends that pursuant to *United States v. Collington*, 995 F.3d 347 (4th Cir. 2021), section 404 decisions must be procedurally and substantively reasonable, and the district court's decision not to reduce his sentence was substantively unreasonable. In contrast, the United States (the "Government") insists that *Collington* is distinguishable and limited to section 404 grants as opposed to denials. Therefore, the Government argues that the more circumscribed review for abuse of discretion applies to the district court's denial of section 404 relief in this case.

We conclude that the requirements outlined in *Collington* apply generally in the section 404 context -- that is, regardless of whether the district court grants or denies the motion. And because the district court did not fully comply with those requirements in this case, we vacate the district court's order denying Appellant's section 404 motion and remand for reconsideration.

I.

In May 2008, Appellant pled guilty to conspiracy to possess with the intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii). In February 2009, the district court sentenced Appellant to 324 months of imprisonment (27 years). In August 2010, Congress enacted the Fair Sentencing Act,

2

Pub. L. No. 111-220, 124 Stat. 2372, which raised the quantity of cocaine base punishable pursuant to 21 U.S.C. § 841(b)(1)(A)(iii). Prior to the Fair Sentencing Act, offenses involving 50 grams or more of cocaine base were punishable pursuant to § 841(b)(1)(A)(iii), whereas now only offenses involving 280 grams or more of cocaine base are punishable pursuant to the provision. Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2(a), 124 Stat. 2372, 2372; *see also United States v. Gravatt*, 953 F.3d 258, 263 (4th Cir. 2020) ("Section 841(b)(1)(A)(iii) was amended from requiring 50 grams or more of crack cocaine to 280 grams or more.").

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, accorded retroactive effect to the Fair Sentencing Act. *United States v. McDonald*, 986 F.3d 402, 404 (4th Cir. 2021). "Under § 404(b) of the First Step Act, sentencing courts may impose a reduced sentence as if section[s] 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *Id.* at 408–09 (internal quotation marks omitted) (alteration in original). "Building on the 'may' language in Section 404(b), [section 404(c)] provides that 'nothing in the section is to be construed to require a court to reduce any sentence' under the Act." *Gravatt*, 953 F.3d at 261. District courts must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) in section 404 proceedings. *United States v. Chambers*, 956 F.3d 667, 674 (4th Cir. 2020) ("[T]he § 3553(a) sentencing factors apply in the § 404(b) resentencing context.").

In May 2019, Appellant moved for a sentence reduction pursuant to section 404 of the First Step Act. According to a report filed by the United States Probation Office for the Eastern District of North Carolina, Appellant's advisory sentencing range pursuant to

3

the United States Sentencing Guidelines ("Guidelines") dropped from 324 to 405 months to 262 to 327 months. Appellant contends that his Guidelines range dropped even further, to 210 to 262 months. In resolving the motion, the district court assumed without deciding that Appellant was correct. In other words, the district court assumed that Appellant's re-calculated First Step Act sentencing range was 17½ to 21.8 years as compared to his original sentencing range of 27 to 33.75 years.

The district court then correctly determined that it had the discretion to reduce Appellant's sentence since Appellant was convicted of a covered offense pursuant to the First Step Act. Nonetheless, the district court declined to exercise its discretion to do so after "completely review[ing] the entire record, the parties' arguments, the new advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a)." *United States v. Swain*, No. 4:07-CR-62-D, 2021 WL 298189, at *2 (E.D.N.C. Jan. 28, 2021). The district court reasoned that the § 3553(a) factors did not support reducing Appellant's sentence given the aggravated offense conduct. The district court focused on the facts that Appellant engaged in prolonged drug dealing for over three years, possessed a stolen firearm in furtherance of the conspiracy, and led officers on a high-speed chase when they attempted to arrest him, as well as Appellant's infractions while incarcerated and past as a "violent recidivist" with a "spotty work history" who performed poorly on supervision. *Id.* Therefore, the district court denied the motion.

Appellant filed a timely notice of appeal. On appeal, Appellant contends that the district court erred in declining to reduce his sentence "even in the face of a drastically reduced advisory Guidelines range" based "heavily on [Appellant's] criminal history and

4

offense conduct, all of which it had already accounted for when sentencing him originally." Appellant's Br. at 4.

II.

A.

The threshold issue is whether we review the district court's order for substantive reasonableness -- as Appellant contends -- or abuse of discretion -- as the Government argues.

Our analysis begins with our decision in *United States v. Collington*, which purported to resolve the question of "whether First Step Act resentencing decisions must be procedurally and substantively reasonable" in the affirmative. 995 F.3d 347, 358 (4th Cir. 2021). In *Collington*, after acknowledging that "the Supreme Court and this Court have clearly distinguished sentence modification proceedings under [18 U.S.C] § 3582(c)(2) from typical sentencing proceedings," we held that, unlike § 3582(c)(2) motions, section 404 proceedings trigger the typical procedural and substantive reasonableness requirements. *Id.* at 358–59; *see also United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020) (outlining the distinctions between § 3582(c)(2) and section 404 motions).

We reasoned, "[g]iven the purpose of the First Step Act to reduce sentencing disparities and our requirement that the district court consider the § 3553(a) factors, it naturally follows that a substantive reasonableness requirement would attach to First Step Act proceedings." *Collington*, 995 F.3d at 360. And we emphasized that although "the First Step Act does not explicitly restrict district courts' discretion in" resentencing eligible

5

defendants, "neither the First Step Act's broadly remedial purpose to ensure greater justice for those subject to a racially disparate sentencing scheme, nor its requirement of a full review prior to the potential imposition of a sentence can be fully effectuated absent the application of a procedural and substantive reasonableness requirement." *Id.* (internal quotation marks and citation omitted).

The Government contends that *Collington* is distinguishable because here, the district court had the discretion to deny Appellant's motion outright since Appellant's sentence did not exceed the revised statutory maximum, whereas, in *Collington*, the district court abused its discretion by not reducing a sentence that exceeded the revised statutory maximum. Specifically, in support, the Government relies on a single sentence in *Collington* that the Government contends limits its holding to section 404(c) grants: "*when a court exercises discretion to reduce a sentence*, the imposition of the reduced sentence must be procedurally and substantively reasonable." Government's Br. at 14 (emphasis in original) (quoting *Collington*, 995 F.3d at 358). The Government further argues that applying "substantive reasonableness review for a *reduction* but not for the *decision* not to reduce makes sense," Government's Br. at 15 (emphasis supplied), because section 404(c) of the First Step Act explicitly provides "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."

The Government's arguments are unpersuasive. First, as the Government admitted at oral argument, the district court in *Collington*, like the district court below, declined to reduce the defendant's sentence and denied the section 404 motion outright. *See* Oral Argument at 17:45–18:10, *United States v. Swain*, No. 21-6167 (4th Cir. Mar. 9, 2022),

6

http://www.ca4.uscourts.gov/oral-argument/listen-to-oral-arguments. Contrary to the Government's assertion otherwise, the fact that the district court in *Collington* retained a sentence above the revised statutory maximum does not make the case meaningfully distinguishable from the instant matter. In *Collington*, our discussion concerning the proper scope of appellate review in the section 404 context was detached from our discussion concerning district courts' elementary obligation to impose sentences in accordance with the applicable statutory scheme. *Compare Collington*, 995 F.3d at 356–58 ("The district court erred by not resentencing *Collington* to -- at most -- twenty years' imprisonment."), *with id.* at 358–60 ("Because we vacate and remand the district court's First Step Act decision for reconsideration, we need not address whether the sentence in this case was ultimately procedurally or substantively reasonable.").

Second, the considerations that persuaded us in *Collington* that the typical procedural and substantive reasonableness requirements apply in the section 404 context -- specifically, the distinctions between section 404 and § 3582(c) proceedings and the broad remedial purpose of the Fair Sentencing Act and First Step Act -- did not turn on the manner in which the district court exercised its discretion. Indeed, aside from the single sentence that the Government clings to in asserting that *Collington* is limited to section 404 grants, the decision speaks about section 404 *proceedings* generally without distinguishing grants from denials. *See, e.g.*, 995 F.3d at 360 ("Given the purpose of the First Step Act to reduce sentencing disparities and our requirement that the district court consider the § 3553(a) factors, it naturally follows that a substantive reasonableness requirement would attach to First Step Act proceedings."); *id.* at 361 ("In light of the more robust nature of

7

First Step Act proceedings, we also hold that they are most naturally reviewed for procedural and substantive reasonableness."). Finally, there is no principled reason for us to review section 404 grants under a different standard of review than section 404 denials -- either procedural and substantive reasonableness requirements are necessary to ensure the broad remedial purposes of the Fair Sentencing Act and First Step Act are effectuated in the section 404 context, or they are not.

For these reasons, we hold that pursuant to *Collington*, substantive reasonableness review applies to all section 404 proceedings.

B.

1.

Substantive-reasonableness review requires us to consider the "'totality of the circumstances' to determine 'whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a).'" *Id.* (quoting *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010)). "A sentence is substantively unreasonable if it is longer than necessary to serve the purposes of sentencing." *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020).

We may not presume that a sentence above the applicable Guidelines range is unreasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007); *Nance*, 957 F.3d at 212. However, we "may consider the extent of the deviation." *Nance*, 957 F.3d at 212 (quoting *Gall*, 552 U.S. at 51). "[W]hen the variance is a substantial one . . . *we must more carefully scrutinize the reasoning offered by the district court in support of the sentence*." *United States v. Provance*, 944 F.3d 213, 219–20 (4th Cir. 2019) (quoting *United States v.*

8

*Moreland*, 437 F.3d 424, 434 (4th Cir. 2006), *overruled in part on other grounds by Rita v. United States*, 551 U.S. 338 (2007)). "And '[t]he farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be.'" *Id.* at 220 (quoting *Moreland*, 437 F.3d at 434).

2.

Appellant complains that the district court relied too heavily on his offense conduct and criminal history. But the § 3553(a) factors explicitly *require* the district court to consider these factors and section 404 does not provide that in the resentencing context, certain factors are more relevant than others. Moreover, generally, a defendant's disagreement with how a district court balances the § 3553(a) factors is insufficient to overcome the district court's discretion. However, as noted, we review the district court's reasoning for imposing variant sentences closely, and here, the district court did not explicitly acknowledge it was effectively retaining a variant sentence, let alone why it believed such a large upward variance was warranted.

The district court's failure to justify such a variance is particularly troubling given that "*Congress* was the actor that reduced [Appellant's] guideline range through the passage of the First Step Act, rather than the Sentencing Commission." *Collington*, 995 F.3d at 361 n.6 (emphasis supplied) (quoting *Smith*, 959 F.3d at 703); *see Johnson*, 26 F.4th at 738 n.8. "[T]he Fair Sentencing Act and First Step Act, together, are strong remedial statutes, meant to rectify disproportionate and racially disparate sentencing penalties." *Collington*, 995 F.3d at 360 (quoting *United States v. White*, 984 F.3d 76, 90 (D.C. Cir. 2020)).

9

Viewed in this light, sentence reductions are not a mere side effect of this legislation, but one of its primary purposes. While Congress certainly gave district courts the discretion under section 404 not to impose sentence reductions, *see Concepcion v. United States*, 142 S. Ct. 2389, 2402 (2022), that discretion must be reviewed in light of the First Step Act's remedial purpose. And that remedial context, "if anything[,] *increases* rather than decreases the need to justify disagreement with the guideline." *Collington*, 995 F.3d at 361 n.6 (emphasis supplied) (quoting *Smith*, 959 F.3d at 703).

But, here, the district court relied on largely the same factual basis to deny Appellant's motion for a reduced sentence as it did to impose its initial bottom-of-the-Guidelines sentence -- despite the fact that Appellant's amended Guidelines range decreased by five to ten years. In addition, the court placed too little weight on the remedial aims of the First Step Act.

Therefore, we conclude that although the district court's order denying Appellant's section 404 motion was procedurally reasonable, it was not substantively so. "[P]rocedural and substantive reasonableness . . . require[s] courts to consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the § 3553(a) factors, determine -- following the Fair Sentencing Act -- whether a given sentence remains appropriate in light of those factors, and *adequately explain that decision*." *United States v. Collington*, 995 F.3d 347, 360 (4th Cir. 2021) (emphasis supplied).

III.

For the foregoing reasons, the district court's denial of Appellant's section 404 motion is vacated and remanded for the district court to reconsider consistent with this opinion.

*VACATED AND REMANDED*